# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

RICHLAND/WILKIN JOINT POWERS
AUTHORITY,

                              Plaintiff,

v.

UNITED STATES ARMY CORPS OF
ENGINEERS, JOHN MCHUGH, JO-
ELLEN DARCY, and DAN KOPROWSKI,

                              Defendants,

v.

FARGO-MOORHEAD FLOOD
DIVERSION BOARD OF AUTHORITY,

                       Intervenor Defendant.

Civil No.  13-2262 (JRT/LIB)

**MEMORANDUM OPINION
AND ORDER GRANTING
MOTION TO INTERVENE**

---

Gerald W. Von Korff, **RINKE NOONAN**, P.O. Box 1497, St. Cloud, MN 56302, for plaintiff.

Carol Lee Draper, **UNITED STATES DEPARTMENT OF JUSTICE**, 601 D Street NW, Room 3106, Washington DC  20579; Friedrich A. P. Siekert, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for defendants.

Robert E. Cattanach and Michael R. Drysdale, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN  55402, for intervenor defendant.

Jill S. Nguyen, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for amicus curiae Minnesota Department of Natural Resources.

Matthew A. Sagsveen, Assistant Attorney General, **NORTH DAKOTA ATTORNEY GENERAL'S OFFICE**, 500 North Ninth Street, Bismarck, ND  58501, for amicus curiae State of North Dakota.

Joseph A. Turman and Katrina A. Turman Lang, **TURMAN & LANG, LTD**, P.O. Box 110, Fargo, ND  58107, for movant City of Oxbow.

The City of Oxbow ("Oxbow") moves to intervene in this case as a defendant, under both Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B).  The intervenor-defendant Fargo-Moorhead Flood Diversion Board of Authority ("Authority") supports Oxbow's motion, while the plaintiff Richland/Wilkin Joint Powers Authority ("JPA") opposes the motion.

Rule 24(a)(2), which provides for intervention of right, states that:

On timely motion, the court must permit anyone to intervene who:

. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Rule 24 is construed "liberally" and courts "resolve any doubts in favor of the proposed intervenors."  *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010) (*Ritchie*) (internal quotation marks omitted).

## I.      STANDING

First, a party seeking to intervene must establish Article III standing.[1]  *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (*Metro*

---

[1] There is no dispute as to the Court's assertion of federal question jurisdiction over the JPA's federal claims and supplemental jurisdiction over the JPA's state claims.  As a result, since this case does not involve diversity jurisdiction, the Court need not consider the citizenship of the intervening party.  *See generally Westra Constr., Inc. v. U.S. Fid. & Guar. Co.*, 546 F. Supp. 2d 194, 197 (M.D. Pa. 2008); 7C Fed. Prac. & Proc. Civ. § 1917 (3d ed.) ("[Th]e need for independent jurisdictional grounds is almost entirely a problem of diversity litigation.  In federal-question cases there should be no problem of jurisdiction with regard to an intervening

(Footnote continued on next page.)

*St. Louis*); *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1023 (8th Cir. 2003); *see also Am. Horse Prot. Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001) (noting that a party seeking to intervene as a **defendant**, instead of a plaintiff, must still show the equivalent of constitutional standing).  To show standing, a party "must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'"  *Metro St. Louis*, 569 F.3d at 833-34 (quoting *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)).  The party must also demonstrate "that the alleged injury is fairly traceable to the defendant's conduct and that a favorable decision will likely redress the injury."  *Id.* at 834.

Here, there is no dispute that Oxbow has standing.  Oxbow alleges that the JPA's lawsuit, in particular the injunction the JPA sought and this Court granted, increases the risk that Oxbow will be subjected – unprotected – to destructive floods, and destabilizes and decreases Oxbow property values.  (Decl. of James E. Nyhof ("Nyhof Decl.") ¶¶ 2-12, June 26, 2015, Docket No. 245.)  By joining the action, Oxbow alleges that, at a minimum, it would be redressed by a favorable response to its efforts to clarify the scope of the injunction.  These allegations are sufficient to support the conclusion that Oxbow has standing.  *See Ubbelohde*, 330 F.3d at 1024-25.

---

(Footnote continued.)

defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff.").

## II. TIMELINESS OF MOTION, OXBOW'S INTEREST IN THE LITIGATION, AND EXTENT TO WHICH OXBOW'S INTEREST IS PROTECTED BY EXISTING PARTIES

Second, a party is entitled to intervene as a matter of right if the party's motion is timely and if "(1) [it] has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). The parties do not appear to dispute, to any significant degree, that Oxbow has a cognizable interest in the subject matter of this case (i.e., the construction of the Oxbow, Hickson, Bakke ("OHB") Ring Levee itself, the construction on related projects (e.g., relocation of private houses), and the effect of the injunction – which has effectively barred all of that construction), or that Oxbow's interest is being impaired as a result of the injunction. (*See, e.g.*, Nyhof Decl. ¶¶ 2-12; *see also* JPA Mem. in Opp'n to Oxbow's Mot. to Intervene at 10-14, July 2, 2015, Docket No. 265.) For similar reasons to those that underlie the Court's decision regarding standing, the Court concludes Oxbow has shown that it has a cognizable interest in this litigation and that its interest may be impaired as a result of the litigation. *See Ubbelohde*, 330 F.3d at 1025.

The JPA argues instead that Oxbow's motion is untimely and that its interests are represented adequately by the Authority. As to the first issue, whether "a motion to intervene is timely is determined by considering all the circumstances of the case." *Ritchie*, 620 F.3d at 832 (internal quotation marks omitted). Courts consider specific factors in making this determination, including (1) how far the case has progressed at the

time of the motion; (2) the movant's prior knowledge of the pending action; (3) any reason or excuse for delay in seeking intervention; and (4) the likelihood of prejudice to the parties if the Court grants the motion. *Id.*

Here, it is undisputed that Oxbow had prior knowledge of this case; indeed, Oxbow's mayor provided declarations in earlier stages of the case. (*See, e.g.*, Decl. of James E. Nyhof in Support of Defs.' Mot. for Anti-Suit Inj., June 19, 2014, Docket No. 58.) Moreover, this action has been pending for almost two years, and the preliminary injunction motion at issue – which specifically sought to enjoy construction on the OHB Ring Levee in and around Oxbow – was filed months ago, on February 11, 2015. (Mot. for Prelim. Inj., Feb. 11, 2015, Docket No. 122.) Nevertheless, the case has not progressed far. The Court has granted the JPA's injunction motion, and the JPA has filed a motion for summary judgment, but little discovery has occurred. Moreover, as the Authority points out, there is reason for the delay; while the Authority may have been able to represent Oxbow adequately in the earlier stages of the litigation, Oxbow is now in the best position to seek clarification regarding the injunction's scope that will benefit its residents. Indeed, the Authority and Oxbow are parties to different contracts and may have different interests in seeking clarification of the Court's injunction. (*See* Authority's Mem. in Support of Oxbow's Mot. to Intervene at 2-3 ("Authority's Intervention Mem."), July 2, 2015, Docket No. 263.) In addition, there is no evidence that the JPA, or any party, will be prejudiced by allowing Oxbow to intervene. *See In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, No. 99-1309, 2002 WL

31371945, at *3 (D. Minn. Oct. 7, 2002).  As a result, the Court concludes Oxbow's motion is timely.

The JPA also contends that the Authority is adequately representing Oxbow's interests.  But, the burden on Oxbow to show that it is better suited to represent its own interests is not a stringent one and, as noted above, there are at least some differences between the Authority's interest in seeking clarification of the Court's injunction and Oxbow's.  *See Sierra Club v. Robertson*, 960 F.2d 83, 85-86 (8th Cir. 1992) ("The 'inadequate representation' condition is satisfied if the proposed intervenor shows that the representation of its interests by the current party or parties to the action 'may be' inadequate." (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). As a result, the Court concludes that Oxbow has made a sufficient showing that its interests are not being adequately represented by the Authority.  In sum, especially in light of the fact that any doubts regarding an intervention motion are to be construed in favor of intervention, the Court concludes Oxbow has met its burden under Rule 24(a)(2) and will grant Oxbow's motion to intervene.  *See id.* at 86 ("Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Oxbow's Motion to Intervene [Docket No. 243] is **GRANTED**.

Additionally, Oxbow is ordered to file its response to the Authority's Motion to Clarify the Preliminary Injunction [Docket No. 252] within seven (7) days of the date of this Order.

DATED: July 8, 2015
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court