| | |
|---|---|
| RICHLAND/WILKIN JOINT POWERS AUTHORITY,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, JOHN MCHUGH, JO-ELLEN DARCY, and DAN KOPROWSKI,<br><br>                Defendants,<br><br>v.<br><br>FARGO-MOORHEAD FLOOD DIVERSION BOARD OF AUTHORITY,<br><br>                Intervenor Defendant,<br><br>v.<br><br>CITY OF OXBOW,<br><br>                Intervenor Defendant. | Civil No. 13-2262 (JRT/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER ON MOTION TO CLARIFY INJUNCTION** |

Gerald W. Von Korff, **RINKE NOONAN**, P.O. Box 1497, St. Cloud, MN 56302, for plaintiff.

Carol Lee Draper, **UNITED STATES DEPARTMENT OF JUSTICE**, 601 D Street NW, Room 3106, Washington DC 20579; Friedrich A. P. Siekert, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Robert E. Cattanach and Michael R. Drysdale, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for intervenor defendant Fargo-Moorhead Flood Diversion Board of Authority.

Joseph A. Turman and Katrina A. Turman Lang, **TURMAN & LANG, LTD**, P.O. Box 110, Fargo, ND 58107, for intervenor defendant City of Oxbow.

Jill S. Nguyen, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for amicus curiae Minnesota Department of Natural Resources.

Matthew A. Sagsveen, Assistant Attorney General, **NORTH DAKOTA ATTORNEY GENERAL'S OFFICE**, 500 North Ninth Street, Bismarck, ND 58501, for amicus curiae State of North Dakota.

Joseph A. Turman and Katrina A. Turman Lang, **TURMAN & LANG, LTD**, P.O. Box 110, Fargo, ND 58107, for movant City of Oxbow.

In a May 13, 2015 Order, this Court granted plaintiff Richland/Wilkin Joint Powers Authority's ("JPA") motion for a preliminary injunction. (Prelim. Inj. Order, May 13, 2015, Docket No. 193.) The Order enjoins ongoing construction on a ring levee being constructed around the North Dakota communities of Oxbow, Hickson, and Bakke ("OHB ring levee"). Intervenor defendant Fargo-Moorhead Flood Diversion Board of Authority ("Authority") now brings this motion to clarify the preliminary injunction. *See Steahr v. Apfel*, 151 F.3d 1124, 1125-26 (8th Cir. 1998). Intervenor defendant City of Oxbow ("Oxbow") also joins in the motion. They ask the Court to clarify that the preliminary injunction only enjoins "physical construction on the OHB Ring Levee itself, or physical construction necessary to make the OHB Ring Levee functional." (Authority Mem. in Supp. of Mot. to Clarify Prelim. Inj. at 11, June 25, 2015, Docket No. 241.) The parties dispute whether the injunction encompasses a variety of ongoing activities – which are separate from construction of the OHB ring levee itself – including construction of homes that must be moved due to the OHB ring levee; additional utility and infrastructure construction; and relocation work on the Oxbow Country Club. (Decl. of Eric Dodds ("Dodds Decl.") ¶¶ 2-15, June 25, 2015, Docket No. 242.)

The Court will grant the intervenor defendants' motion and clarify that the injunction's scope is limited to construction on the OHB ring levee itself.  The Court's preliminary injunction Order explicitly stated that the injunction's scope was "narrow," and that "it applie[d] **only to construction on the OHB ring levee**."  *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, No. 13-2262, 2015 WL 2251481, at *24 (D. Minn. May 13, 2015) (*Richland/Wilkin II*) (emphasis added).  Moreover, the JPA's arguments in support of the preliminary injunction, and the Court's analysis in its prior Order, were focused on the OHB ring levee itself, and not on additional private construction that may be tied to some extent to the ring levee.

In its memorandum opposing the motion to clarify, the JPA targets the housing construction specifically.  It argues that because the homes are being moved due to the construction of the OHB ring levee, the construction is inextricably tied to the levee and the reasoning that supports enjoining the levee equally supports enjoining the home construction.  The JPA contends that the Authority's reimbursement of homeowners for the relocation means that the Authority is effectively in charge of the home construction and has the authority to halt the construction.  Finally, the JPA cites the agreements signed by the homeowners regarding replacement home construction to argue that the agreements themselves call for homeowners to put off relocation until the levee is completed.  (*See, e.g.*, Decl. of Valerie Brazfield ¶ 7, July 6, 2015, Docket No. 269.)

The JPA correctly notes that the home construction, utility work, and country club relocation activities, are tied in perceivable ways to the construction of the OHB ring levee.  But an order enjoining construction to allow time for environmental review could

theoretically touch many activities that are related to the ultimate project at issue. Those connections do not justify an exceedingly broad injunction, however. Instead, the scope of an injunction "should be limited in scope to the extent necessary to protect the interests of the parties." *Garrido v. Dudek*, 731 F.3d 1152, 1159 (11th Cir. 2013) (internal quotation marks omitted). Moreover, as the Authority points out, an injunction is limited to the parties to the litigation and, in this case, the Authority does not have direct control – and instead only has reimbursement power – over the home construction, and other activities, at issue. (Dodds Decl. ¶¶ 12-14.) Here, the JPA has not shown why it is necessary – in order to protect its interests – to broaden the scope of the injunction, especially given that the entities and individuals who are most directly engaged in this additional construction are not directly controlled by the Authority and are not parties to this case. An injunction that halts construction on the OHB ring levee itself is sufficient to protect the JPA's interests. As a result, the Court will grant the Authority's motion and modify the injunction in order to clarify its language and scope.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Authority's Motion to Clarify this Court's Preliminary Injunction Order [Docket No. 252] is **GRANTED**.

The Preliminary Injunction entered against the Authority on May 13, 2015 [Docket No. 193] is **MODIFIED**, at Paragraph 4 of Page 53, as follows:

> All physical construction activities related to the OHB ring levee, if ongoing, must cease immediately. All physical construction activities related to the OHB ring

levee means only physical construction on the OHB ring levee itself, along with physical construction that is directly required to make the OHB ring levee functional. The injunction does not encompass activities that fall outside of the preceding definition, even if they are tied in some perceivable way to the OHB ring levee. For example, the injunction does not encompass home construction; utility and infrastructure work; and construction and relocation activities related to the Oxbow Country Club.

DATED: July 28, 2015            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                          Chief Judge
                                       United States District Court