# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHLAND/WILKIN JOINT POWERS AUTHORITY, | Civil No. 13-2262 (JRT/LIB) |
| Plaintiff, | |
| and | |
| MINNESOTA DEPARTMENT OF NATURAL RESOURCES | |
| Movant, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO INTERVENE** |
| v. | |
| FARGO-MOORHEAD FLOOD DIVERSION BOARD OF AUTHORITY and CITY OF OXBOW, | |
| Intervenor Defendants. | |

Gerald W. Von Korff, **RINKE NOONAN**, P.O. Box 1497, St. Cloud, MN 56302, for plaintiff.

Michael R. Drysdale and Robert E. Cattanach, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for the Fargo-Moorhead Flood Diversion Board of Authority.

Katrina A. Turman Lang and Joseph A. Turman, **TURMAN & LANG, LTD**, P.O. Box 110, Fargo, ND 58107, for the City of Oxbow.

Max H. Kieley, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for movant.

The Minnesota Department of Natural Resources ("MDNR") has moved to intervene in this case as a plaintiff under Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure. Plaintiff Richland/Wilkin Joint Powers Authority ("JPA") supports MDNR's motion, while Intervenor-Defendants Fargo-Moorhead Diversion Board of Authority ("Authority") and City of Oxbow ("Oxbow") oppose the motion.

Rule 24(a) states:

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Court must "construe Rule 24 liberally and resolve any doubts in favor of the proposed intervenors." *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010) (quoting *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995)).

Here, Authority and Oxbow only argue MDNR filed an untimely motion to intervene. Authority and Oxbow concede MDNR satisfies the other requirements of Rule 24, including the requirement that MDNR possess Article III standing. (*See* Authority's Resp. to MDNR's Mot. to Intervene & Stay Decision on Pending Mots. at 2, Jan. 5, 2017, Docket No. 393; Oxbow's Joinder in Authority's Resp. to MDNR's Mot. to Intervene & Stay Decision on Pending Mots. at 2, Jan. 5, 2017, Docket No. 394); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (setting forth

standing requirement). The Court finds MDNR's motion to be timely and will grant the Motion to Intervene.

## DISCUSSION

"Whether a motion to intervene is timely is determined by considering all the circumstances of the case." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993). Courts consider several factors in determining timeliness, including (1) "how far the litigation ha[s] progressed at the time of the motion"; (2) the movant's "prior knowledge of the pending action"; (3) any "reason for the delay in seeking intervention"; and (4) "the likelihood of prejudice to the parties in the action." *Ritchie*, 620 F.3d at 832.

Here, it is undisputed that MDNR had prior knowledge of this case; indeed, MDNR filed briefs as an amicus in response to earlier motions. (*See, e.g.*, Order, Feb. 24, 2015, Docket No. 176; Mem. Op.& Order Granting Defs.' Mot. for Prelim. Inj. at 21, Aug. 14, 2014, Docket No. 90.) Moreover, this action has been pending for over three years, and briefing on cross-motions for summary judgment concluded on December 30, 2016. (*See* Oxbow's Mot. to Lift Prelim. Inj. & for Summ. J., Dec. 12, 2016, Docket No. 365; Authority's Mot. for Summ. J., Dec. 1, 2016, Docket No. 351; JPA Mot. for Partial Summ. J., Nov. 30, 2016, Docket No. 341; *see also* Oxbow's Reply Mem. in Supp. of Mot. to Lift Prelim. Inj. & for Summ. J., Dec. 30, 2016, Docket No. 389 (final brief related to summary judgment motions).)

Nevertheless, MDNR presents a compelling reason for the delay in seeking intervention. To assess whether a party has an adequate reason for delay, the Court must

consider when MDNR became aware its interest could be adversely affected and an existing party could not protect that interest. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977). Here, the scope of MDNR's interest in this litigation was not clear prior to two recent interrelated events: (1) MDNR's denial of the Dam Safety and Public Waters Work Permit Application 2016-0386 (the "Permit") in October 2016, (Decl. of Gerald Von Korff, Ex. 3 at 48-49, Nov. 30, 2016, Docket No. 347), followed by (2) the United States Army Corps of Engineers' ("Corps") and Authority's actions in December 2016 to begin construction on the project in spite of the Permit denial, (Decl. of Max Kieley, Ex. A, Dec. 29, 2016, Docket No. 384). MDNR could not define its interest in the litigation until its permitting process concluded. In fact, the Corps' and Authority's actions could not contradict MDNR's decision until MDNR had the opportunity to complete its process and deny the Permit. Such a dramatic change in circumstance during the course of litigation often leads to timely intervention. *See, e.g.*, *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 125 & n.37 (D.C. Cir. 1972); *Cal. ex rel. Reg'l Water Quality Control Bd. v. Marin*, No. 01-270, 2007 WL 2429370, at *3 (S.D. Cal. Aug. 21, 2007).

Authority and Oxbow argue that in the event the Court finds a compelling reason for MDNR's delay in filing a motion to intervene, Authority and Oxbow would be highly prejudiced by MDNR's intervention at this late stage. MDNR's intervention does not prejudice Authority and Oxbow because MDNR has been involved with the litigation since 2014. (MDNR's Mot. for Leave to Participate as Amicus Curiae, July 22, 2014, Docket No. 76.) Authority and Oxbow recognized MDNR was working through its

permit process, knew MDNR could deny the Permit, and decided to move forward with the project after MDNR denied the Permit.  As such, Authority and Oxbow cannot be surprised MDNR seeks to protect its interest at the conclusion of the permitting process when Authority and Oxbow take action potentially adverse to the permitting decision.

Further, Authority and Oxbow recognize MDNR's interest and acknowledge MDNR will assert its claims in some forum regardless of this Court's decision. (Authority's Resp. to MDNR's Mot. to Intervene & Stay Decision on Pending Mots. at 19.) But both argue separate lawsuits would be preferable. (*Id.*)  In doing so, both admit any increased cost to Authority and Oxbow will not occur because of MDNR's alleged untimeliness.  Instead, an increased cost will occur because of MDNR's decision to protect its interest and, thereby, extend litigation regarding this matter.

Finally, the purpose of intervention is to "promote[] the efficient and orderly use of judicial resources by allowing persons, who might otherwise have to bring a lawsuit on their own to protect their interests or vindicate their rights, to join an ongoing lawsuit instead." *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996).  Intervention thereby prevents duplicative litigation – here, specifically, for Authority and Oxbow who would potentially face two simultaneous lawsuits regarding the same subject matter.  Further, permitting intervention in this instance protects JPA's interest by ensuring the litigation is consistent among the parties with a recognized interest in its subject matter.  *Id.*

For the foregoing reasons, the Court finds MDNR's motion is timely and will grant MDNR's motion to intervene. All interests in this case are best served by all parties being at the table.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Minnesota Department of Natural Resources' Motion to Intervene [Docket No. 382] is **GRANTED**.

DATED: January 13, 2017  
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM  
                                                   Chief Judge  
                                         United States District Court