UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHLAND/WILKIN JOINT POWERS AUTHORITY,<br><br>                Plaintiff,<br><br>and<br><br>MINNESOTA DEPARTMENT OF NATURAL RESOURCES<br><br>                Intervenor-Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>                Defendant,<br><br>and<br><br>FARGO-MOORHEAD FLOOD DIVERSION BOARD OF AUTHORITY and CITY OF OXBOW,<br><br>                Intervenor-Defendants. | Civil No.  13-2262 (JRT/LIB)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Gerald W. Von Korff, **RINKE NOONAN**, P.O. Box 1497, St.  Cloud, MN 56302, for plaintiff.

Colin Patrick O'Donovan and Max H. Kieley, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, Saint Paul, MN  55101, for intervenor-plaintiff.

Devon Lehman McCune, **UNITED STATES DEPARTMENT OF JUSTICE**, 999 18th Street, South Terrace, Suite 370, Denver, CO  80202, for defendant.

Robert E. Cattanach and Michael R. Drysdale, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN  55402, for intervenor-defendant Fargo-Moorhead Flood Diversion Board of Authority.

Joseph A. Turman, **TURMAN & LANG, LTD**, P.O. Box 110, Fargo, ND 58107, for intervenor-defendant City of Oxbow.

This case relates to a proposed flood diversion project to reduce flood risk on the Red River of the North, which straddles the border of Minnesota and North Dakota ("the Project"). Plaintiff Richland/Wilkin Joint Powers Authority ("JPA") moves to reinstate certain previously-dismissed claims and reinstate the U.S. Army Corps of Engineers ("the Corps") as an active defendant, under Rule 54(b) of the Federal Rules of Civil Procedure. JPA also moves to supplement the pleadings under Rule 15(d) of the Federal Rules of Civil Procedure. Intervenor-Plaintiff Minnesota Department of Natural Resources ("MDNR") supports JPA's motion. The Corps and Intervenor-Defendant Fargo-Moorhead Diversion Board of Authority ("the Authority") oppose the motion.

For the reasons set forth below, the Court will grant JPA's motion to reinstate JPA's claim under the National Environmental Policy Act ("NEPA") against the Corps and reinstate the Corps as an active defendant. The Court will, further, grant JPA's motion for leave to supplement the Third Amended Complaint. Both JPA and MDNR shall file any supplemental pleadings within four weeks of the date of this order. In light of these decisions, the Court will dismiss without prejudice the outstanding motions for summary judgment with the exception of the motion filed by Intervenor-Defendant City of Oxbow ("Oxbow") to lift the preliminary injunction. The Court will file a subsequent order in response to Oxbow's motion to lift the preliminary injunction.

## DISCUSSION

I.     **MOTION TO REINSTATE**

JPA moves the Court to reinstate: (1) the Corps as a defendant; (2) the Third Amended Complaint's NEPA claim against both the Corps and the Authority found in Counts I and II of the Third Amended Complaint; and (3) the state and local permitting law claim found in Count V of the Third Amended Complaint against the Authority. The Court previously granted a motion for summary judgment on JPA's NEPA claim and dismissed the claim with prejudice on March 31, 2016, concurrently dismissing the Corps from the case. With regard to the state and local permitting law claim, the Court granted a motion to dismiss the claim without prejudice on May 13, 2015.

Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . does not end the action" and the Court may revise a previous order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Here, in previously dismissing Counts I, II, and V, the Court dismissed some, but not all, of the claims in this action. Thus, the Court retains discretion to revise its previous order. *See United States v. Arkansas*, 791 F.2d 1573, 1576 (8th Cir. 1986) (holding a district court had authority to reinstate a party under Rule 54(b) after seven years of subsequent litigation because a final judgment had not occurred).

In this case, significant factual circumstances have changed since the Court granted the Corps' motion for summary judgment on JPA's NEPA claims. Specifically, the Authority and the Corps executed the binding Project Partnership Agreement ("PPA") setting forth the obligations of the parties during the construction and operation of the

Project. Further, MDNR denied a permit regarding the Project and, in spite of that denial and, arguably, without analysis of MDNR's reasoning, both the Authority and the Corps expressed intent to continue construction. Under these changed circumstances and since the MDNR recently joined the litigation, the Court finds it necessary to revise its March 2016 order granting summary judgment on JPA's NEPA claim. The Court, therefore, reinstates the Corps as an active defendant in this litigation.

With regard to the NEPA claim against the Authority, however, the Court will deny the motion. The Court granted the Authority's motion for summary judgment on the NEPA claim on the grounds that NEPA "generally appl[ies] only to the actions of 'agencies and the federal government.'" (Mem. Op. & Order on Cross Mots. for Summ. J. at 23-24, Mar. 31, 2016, Docket No. 320 (citing 42 U.S.C. § 4332).) At the hearing on this motion, JPA did not contest the Court's analysis of the NEPA claim as to the Authority. The Court, therefore, will deny JPA's motion to reinstate the NEPA claim as to the Authority.

Finally, JPA asks the Court to reinstate its claim against the Authority relating to state and local permitting law. As the Court dismissed this claim without prejudice, the Court will deny the motion to reinstate the claim under Rule 54(b), but the Court will permit JPA to reallege this claim as part of the Rule 15(d) motion to supplement the pleadings.

## II.     MOTION TO SUPPLEMENT THE PLEADINGS

JPA also moves the Court to supplement the pleadings.  Rule 15(d) provides that "the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Both JPA and MDNR set forth numerous changed circumstances succeeding the Third Amended Complaint that warrant supplementation under Rule 15(d).  As set forth above, important facts include:  the Corps and the Authority signed the PPA, MDNR denied a permit related to the Project and, in spite of that denial, both the Authority and the Corps expressed intent to continue construction.  Based on these and other relevant facts, the Court will permit JPA and MDNR to file supplemental pleadings, including, but not limited to, claims for:  (1) violation of NEPA; (2) violation of state and local permitting laws (previously Count V); and (3) violation of the Water Resources Reform and Development Act, 33 U.S.C. § 2231 *et seq*.  JPA and MDNR are directed to file any such supplemental pleading within four weeks of this order.

## III.    MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO LIFT PRELIMINARY INJUNCTION

In light of the Court's decisions to (1) grant MDNR's motion to intervene; (2) grant JPA's motion reinstate the Corps as an active defendant; and (3) permit MDNR and JPA to supplement the pleadings, the Court will deny the outstanding summary judgment motion without prejudice, with the exception of Oxbow's motion to lift the preliminary injunction.

The Court intends to move this case along as expeditiously as possible.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Richland/Wilkin Joint Powers Authority's Motion to Reinstate the U.S. Army Corps of Engineers as an Active Defendant and to Supplement the Pleadings [Docket No. 344] is **GRANTED in part** and **DENIED in part** as follows:

    a. The motion is **GRANTED** as to reinstatement of the U.S. Army Corps of Engineers as an active defendant and as to reinstatement of the NEPA claim against the U.S. Army Corps of Engineers.

    b. The motion is **DENIED** as to the reinstatement of the NEPA claim against the Fargo-Moorhead Flood Diversion Board of Authority.

    c. The motion is **DENIED** as to the reinstatement of the state and local permitting law claim against the Fargo-Moorhead Flood Diversion Board of Authority.

    d. The motion is **GRANTED** as to leave for Richland/Wilkin Joint Powers Authority and the Minnesota Department of Natural Resources to file supplemental pleadings. Any supplemental pleadings shall be filed within four (4) weeks from the date of this Order.

2. Richland/Wilkin Joint Powers Authority's Motion for Partial Summary Judgment [Docket No. 341] is **DENIED** and **DISMISSED without prejudice**.

3. Fargo-Moorhead Flood Diversion Board of Authority's Motion for Summary Judgment [Docket No. 351] is **DENIED** and **DISMISSED without prejudice**.

4. The City of Oxbow's Motion for Summary Judgment and to Lift the Preliminary Injunction [Docket No. 365] is **DENIED in part**, as follows:

   a. The motion is **DENIED** as to City of Oxbow's request for summary judgment. This portion of the motion is **DISMISSED without prejudice**.

   b. The Court declines to resolve at this time the portion of the motion requesting the lifting of the preliminary injunction. The parties are ordered to meet with the Magistrate Judge within two (2) weeks after the supplemental pleadings are filed and discuss whether they can stipulate that, although the Oxbow, Hickson, and Bakke ring levee is part of the Project, the ring levee has independent significance to provide immediate flood protection such that the preliminary injunction can be lifted.

5. The parties are ordered, after the supplemental pleadings are filed, to meet with the Magistrate Judge and establish an expedited schedule for any necessary discovery and any anticipated motions.

DATED: February 24, 2017                         s/ John R. Tunheim
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                       Chief Judge
                                                United States District Court