IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Richland/Wilkin Joint Powers Authority, a Minnesota-North Dakota Joint Powers Authority, | Civil File No. 13-cv-2262 JRT/LIB |
| Plaintiff, | |
| and | |
| Minnesota Department of Natural Resources, | **[PROPOSED] ORDER REGARDING MODIFICATION OF PRELIMINARY INJUNCTION** |
| Plaintiff-Intervenor, | |
| vs. | |
| United States Army Corps of Engineers; Dr. Mark T. Esper, Secretary of the US Army Corps of Engineers (in his official capacity); R.D. James, Assistant Secretary of the Army for Civil Works (in his official capacity); and Col. Samuel Calkins, District Commander, St. Paul District, US Army Corps of Engineers (in his official capacity), | |
| Defendants, | |
| Fargo-Moorhead Flood Diversion Board of Authority, | |
| Defendant and Defendant-Intervenor, | |
| and | |
| City of Oxbow, | |
| Defendant-Intervenor. | |

This matter came before the Court on the Motion to Dissolve or Modify Preliminary Injunction brought by Defendant Fargo-Moorhead Flood Diversion Board of Authority (the "Diversion Authority") and the United States Army Corps of Engineers (the "Corps").  Based upon a review of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Diversion Authority's and Corps' Motions to Modify Preliminary Injunction are hereby granted, subject to the following terms and conditions.

2. The Preliminary Injunction issued by this Court at Docket #530 is modified and superseded by this Order.  Construction of the Fargo-Moorhead Flood Control Project (the "Project") now known as Plan B, which was the subject of the Minnesota Department of Natural Resources ("DNR") Dam Safety & Public Waters Work Permit Number 2018-0819 issued on December 27, 2018 (the "Permit"), may be carried out to the extent that construction is consistent with the terms and conditions of the Permit.

3. In the event that any party or other person believes that the Permit or any condition thereof is not being complied with, notice of such alleged non-compliance shall be made to the DNR, or the DNR may itself assert a circumstance of non-compliance on its own initiative.  If the DNR determines that some action or inaction does not comply with the Permit, it shall notify the Diversion Authority and provide a reasonable opportunity to bring the Project into compliance.  If the alleged non-compliance is not remedied to the DNR's reasonable satisfaction, the DNR may exercise whatever enforcement powers, rights or remedies it is otherwise afforded under law, and may also

apply to this Court for such relief as may be reasonable and necessary under the circumstances.

Dated: April __, 2019.

                                              JOHN R. TUNHEM  
                                              Chief Judge  
                                              United States District Court